

1 THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2 THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
Telephone:    415/674-8600
4 Facsimile:    415/674-9900

5 Attorneys for Plaintiff
CRAIG YATES, an individual
6

7 **UNITED STATES DISTRICT COURT**

8 **NORTHERN DISTRICT OF CALIFORNIA**

9

10 CRAIG YATES, an individual,                      ) **CASE NO. CV 10 3359**
                                                   ) Civil Rights
11     Plaintiff,                                   )
                                                   ) **COMPLAINT FOR INJUNCTIVE RELIEF**
12 v.                                              ) **AND DAMAGES:**
                                                   )
13 KHAN TOKE THAI HOUSE; RANGSAN )                  **1st CAUSE OF ACTION:** For Denial of Access
FASUDHANI and AREEWAN            )                  by a Public Accommodation in Violation of the
14 FASUDHANI, each an individual dba )              Americans with Disabilities Act of 1990 (42
                                                   U.S.C. §12101, *et seq.*)
15 KHAN TOKE THAI HOUSE; and       )
RANGSAN and AREEWAN               )                **2nd CAUSE OF ACTION:** For Denial of Full
16 FASUDHANI, Trustees in Trust under THE )         and Equal Access in Violation of California
                                                   Civil Code §§54, 54.1 and 54.3
17 RANGSAN and AREEWAN             )
FASUDHANI, JOINT LIVING TRUST,    )               **3rd CAUSE OF ACTION:** For Denial of
18 dated October 8, 1987,          )               Accessible Sanitary Facilities in Violation of
                                                   California Health & Safety Code §19955, *et seq.*
19     Defendants.                 )
                                   )              **4th CAUSE OF ACTION:** For Denial of
20 ─────────────────────────────── )               Access to Full and Equal Accommodations,
                                                   Advantages, Facilities, Privileges and/or
21                                                 Services in Violation of California Civil Code
                                                   §51, *et seq.* (The Unruh Civil Rights Act)
22

23

24                                                 **DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff CRAIG YATES, an individual, complains of defendants RANGSAN

2  FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI

3  HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE

4  RANGSAN and AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October 8, 1987

5  and alleges as follows:

6  **INTRODUCTION:**

7    1.    This is a civil rights action for discrimination against persons with physical

8  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

9  for failure to remove architectural barriers structural in nature at defendants' KHAN TOKE

10  THAI HOUSE, a place of public accommodation, thereby discriminatorily denying plaintiff and

11  the class of other similarly situated persons with physical disabilities access to, the full and equal

12  enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

13  accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

14  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

15  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16    2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

17  June 29, 2008, August 2, 2008, August 9, 2008, December 31, 2008, March 18, 2009,

18  April 28, 2010 and May 1, 2010, was an invitee, guest, patron, customer at defendants' KHAN

19  TOKE THAI HOUSE, in the City of San Francisco, California.  At said times and place,

20  defendants failed to provide proper legal access to the house, which is a "public accommodation"

21  and/or a "public facility" including, but not limited to signage, entrance, men's restroom,

22  women's restroom and dining area.  The denial of access was in violation of both federal and

23  California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights

24  to full and equal access, and was embarrassed and humiliated.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | **JURISDICTION AND VENUE:**

2    3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6 California law, whose goals are closely tied with the ADA, including but not limited to violations

7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8 *seq.*, including §19959; Title 24 California Building Standards Code.

9    4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 founded on the facts that the real property which is the subject of this action is located at/near

11 5937 Geary Boulevard, in the City and County of San Francisco, State of California, and that

12 plaintiff's causes of action arose in this county.

13 | **PARTIES:**

14    5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

16 disabled", "physically handicapped" and "person with physical disabilities" are used

17 interchangeably, as these words have similar or identical common usage and legal meaning, but

18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

24 portion of the public whose rights are protected by the provisions of Health & Safety Code

25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

28 §12101, *et seq.*

1    6.    Defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an

2    individual dba KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI,

3    Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI, JOINT LIVING

4    TRUST, dated October 8, 1987 (hereinafter alternatively collectively referred to as "defendants")

5    are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or

6    lessees, of the public accommodation known as KHAN TOKE THAI HOUSE, located at/near

7    5937 Geary Boulevard, San Francisco, California, or of the building and/or buildings which

8    constitute said public accommodation.

9    7.    At all times relevant to this complaint, defendants RANGSAN FASUDHANI and

10   AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI HOUSE; and

11   RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE RANGSAN and

12   AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October 8, 1987, own and operate

13   in joint venture the subject KHAN TOKE THAI HOUSE as a public accommodation. This

14   business is open to the general public and conducts business therein. The business is a "public

15   accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

16   51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et*

17   *seq.*

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

8.    At all times relevant to this complaint, defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI,  JOINT LIVING TRUST, dated October 8, 1987 are jointly and severally responsible to identify and remove architectural barriers at the subject KHAN TOKE THAI HOUSE pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201        General

> (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.    The KHAN TOKE THAI HOUSE, is a restaurant, located at/near 5937 Geary Boulevard, San Francisco, California.  The KHAN TOKE THAI HOUSE, its signage, entrance, men's restroom, women's restroom, dining area, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the KHAN TOKE THAI HOUSE and each of its facilities, its signage, entrance, men's restroom, women's restroom and dining area to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

///

///

///

///

1        10.    On or about October 8, 1987, defendants' and each of them purchased and/or

2   took possessory control of the premises now known as KHAN TOKE. At all times prior thereto,

3   defendants' and each of them were aware of their obligation prior to the close of escrow, or upon

4   taking possessory interest that public accommodations had a duty to identify and remove

5   architectural barriers and were aware that the KHAN TOKE was not accessible to the disabled.

6   Nevertheless, defendants' and each of them, operated the restaurant as though it was accessible.

7        11.    At all times stated herein, defendants' and each of them with the knowledge that

8   each of them had a continuing obligation to identify and remove architectural barriers where it

9   was readily achievable to do so, failed to adopt a transition plan to provide better and/or

10   compliant access to the subject accommodation.

11        12.    At all times referred to herein and continuing to the present time, defendants, and

12   each of them, advertised, publicized and held out the KHAN TOKE THAI HOUSE as being

13   handicapped accessible and handicapped usable.

14        13.    On or about June 29, 2008, August 2, 2008, August 9, 2008, December 31, 2008,

15   March 18, 2009, April 28, 2010 and May 1, 2010 , plaintiff CRAIG YATES was an invitee and

16   guest at the subject KHAN TOKE THAI HOUSE, and two (2) occasions were with his friends,

17   Erica Noli and Alex Noli, for purposes of food and beverage.

18        14.    On or about June 29, 2008, August 2, 2008, August 9, 2008, December 31, 2008,

19   March 18, 2009, April 28, 2010 and May 1, 2010, plaintiff CRAIG YATES encountered multiple

20   barriers, to wit: lack of an accessible entrance; lack of compliant table facilities; lack of proper

21   and compliant signage; lack of an accessible men's and women's restroom; and lack of a clear

22   and compliant pathway to the restroom(s) due to a rubber mat.

23        15.    On or about July 1, 2008, plaintiff CRAIG YATES first wrote the landlord and

24   tenant about the table situation, the entry doors and rubber mat. Plaintiff CRAIG YATES

25   suggested that defendants conduct their own inspection, identify the barriers and remove the

26   barriers. Plaintiff CRAIG YATES even provided the toll-free telephone number(s) for the

27   Department of Justice, and Pacific ADA Center. Plaintiff CRAIG YATES did not receive a

28   response.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16. Having not heard back from KHAN TOKE THAI HOUSE, plaintiff CRAIG YATES wrote a follow-up letter on or about October 16, 2008. Plaintiff CRAIG YATES suggested how defendants could provide for a beautiful Thai table and provide access under it at the same time.

17. On or about November 3, 2008, defendant RANGSAN FASUDHANI wrote plaintiff CRAIG YATES and in substance stated: That one of the tables was made accessible but that it is currently not feasible to make more improvements.

18. On or about November 14, 2008, plaintiff CRAIG YATES wrote defendant RANGSAN FASUDHANI back and informed him that putting a coffee table on a pedestal was not usable.

19. On or about November 21, 2008, Malatee Sirapo-ngam, manager of KHAN TOKE THAI HOUSE, replied to plaintiff CRAIG YATES's most recent letter, advising plaintiff CRAIG YATES that the owners were out of the country and would return in January of 2009. The manager stated that the door pressure at the subject restaurant would be addressed, the mat in the hallway would be removed and that the owners would address plaintiff CRAIG YATES's concerns when they returned.

20. On or about December 1, 2008, plaintiff CRAIG YATES wrote Ms. Sirapo-ngam back. Plaintiff CRAIG YATES in substance stated in his letter: Buy an inexpensive table now, and hang the shoes in the hallway . . . that plaintiff CRAIG YATES will wait for the owners to return.

21. On or about March 18, 2009, April 28, 2010 and May 1, 2010, plaintiff CRAIG YATES returned to KHAN TOKE THAI HOUSE. Plaintiff CRAIG YATES found that while one (1) table had been made accessible, he encountered other barriers, to wit: entrance; door pressure; restrooms; and tables etc.

22. On or about May 10, 2010, plaintiff CRAIG YATES again wrote Sirapo-ngam. Plaintiff CRAIG YATES addressed the table issue, excessive door pressure, narrow double doors and the men's and women's restroom. Plaintiff CRAIG YATES, a licensed contractor, even provided a diagram for the restroom(s).

1       23.    On or about June 3, 2010, defendant RANGSAN FASUDHANI wrote plaintiff

2   CRAIG YATES. In his letter he stated in substance: KHAN TOKE THAI HOUSE was one of

3   the first Thai restaurants in San Francisco, one of the tables was modified, their financial

4   condition would not allow for renovation of the restroom and that they would try to improve

5   accessibility.

6       24.    On or about July 28, 2010, plaintiff CRAIG YATES wrote defendant RANGSAN

7   FASUDHANI. Plaintiff CRAIG YATES informed defendant RANGSAN FASUDHANI, that

8   his (plaintiff CRAIG YATES's) remedial work suggestions were not expensive and that there

9   was certainly enough time that passed to provide access.

10       25.    Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a

11   disability, encountered the following inaccessible elements of the subject KHAN TOKE HOUSE

12   THAI which constituted architectural barriers and a denial of the proper and legally-required

13   access to a public accommodation to persons with physical disabilities including, but not limited

14   to:

15       a.    lack of directional signage to show accessible routes of travel, i.e.
16           entrances;

17       b.    lack of an accessible entrance due to narrow doors and excessive door
18           pressure;

19       c.    lack of an accessible dining area; 5% compliance requirement;

20       d.    lack of a handicapped-accessible women's public restroom;

21
22       e.    lack of a handicapped-accessible men's public restroom; and

23       f.    On personal knowledge, information and belief, other public facilities and
              elements too numerous to list were improperly inaccessible for use by
24           persons with physical disabilities.

25
26       26.    At all times stated herein, the existence of architectural barriers at defendants'

27   place of public accommodation evidenced "actual notice" of defendants' intent not to comply

28   with the Americans with Disabilities Act of 1990 either then, now or in the future.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

28.     As a legal result of defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October 8, 1987 's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

29.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

30.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

31.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

32.     Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October 8, 1987, because defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October 8, 1987 maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to signage, entrance, men's restroom, women's restroom, dining area and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

33.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

34.     Plaintiff, as described hereinbelow, seeks injunctive relief to require the KHAN TOKE THAI HOUSE to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the subject restaurant as a public facility.

///
///
///
///
///
///
///
///
///

35.     Plaintiff seeks damages for violation of their civil rights on August 2, 2008, August 9, 2008, December 31, 2008, March 18, 2009, April 28, 2010 and May 1, 2010 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

36.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

37.     Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling defendants to make the KHAN TOKE THAI HOUSE accessible to persons with disabilities.

38.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.

///
///
///
///
///
///

1   The acts and omission of defendants, and each of them, in failing to provide the required
2   accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied
3   malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with
4   a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated
5   persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to
6   make a more profound example of defendants, and each of them, to other operators and landlords
7   of other restaurants  and other public facilities, and to punish defendants and to carry out the
8   purposes of  the Civil Code §§ 51, 51.5 and 54.

9          39.     Plaintiff is informed and believes and therefore alleges that defendants RANGSAN
10  FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI
11  HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE
12  RANGSAN and AREEWAN FASUDHANI,  JOINT LIVING TRUST, dated October 8, 1987,
13  and each of them, caused the subject building(s) which constitute the KHAN TOKE THAI
14  HOUSE to be constructed, altered and maintained in such a manner that persons with physical
15  disabilities were denied full and equal access to, within and throughout said building(s) of the
16  KHAN TOKE THAI HOUSE and were denied full and equal use of said public facilities.
17  Furthermore, on information and belief, defendants have continued to maintain and operate said
18  restaurant and/or its building(s) in such conditions up to the present time, despite actual and
19  constructive notice to such defendants that the configuration of the subject house  and/or its
20  building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff
21  CRAIG YATES, and other members of the disability community.  Such construction,
22  modification, ownership, operation, maintenance and practices of such public facilities are in
23  violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42
24  U.S.C. §12101, *et seq.*
25  ///
26  ///
27  ///
28  ///

40.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the KHAN TOKE and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, sponsors of conferences, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the KHAN TOKE THAI HOUSE accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the KHAN TOKE. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

41.     Plaintiff CRAIG YATES and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    I.      **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
             **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
2            **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
             (On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants RANGSAN
3            FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE
             THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under
4            THE RANGSAN and AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October
             8, 1987, inclusive)
5            (42 U.S.C. §12101, *et seq.*)

6            42.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

7    the allegations contained in paragraphs 1 through 41 of this complaint.

8            43.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

9    §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

10   protect:

11           some 43 million Americans with one or more physical or mental
             disabilities; [that] historically society has tended to isolate and
12           segregate individuals with disabilities; [that] such forms of
             discrimination against individuals with disabilities continue to be a
13           serious and pervasive social problem; [that] the nation's proper
             goals regarding individuals with disabilities are to assure equality of
14           opportunity, full participation, independent living and economic
             self-sufficiency for such individuals; [and that] the continuing
15           existence of unfair and unnecessary discrimination and prejudice
             denies people with disabilities the opportunity to compete on an
16           equal basis and to pursue those opportunities for which our free
             society is justifiably famous.

17           44.    Congress stated as its purpose in passing the Americans with Disabilities Act of

18   1990 (42 U.S.C. §12102):

19
             It is the purpose of this act (1) to provide a clear and comprehensive
20           national mandate for the elimination of discrimination against
             individuals with disabilities; (2) to provide clear, strong, consistent,
21           enforceable standards addressing discrimination against individuals
             with disabilities; (3) to ensure that the Federal government plays a
22           central role in enforcing the standards established in this act on
             behalf of individuals with disabilities; and (4) to invoke the sweep
23           of Congressional authority, including the power to enforce the 14th
             Amendment and to regulate commerce, in order to address the
24           major areas of discrimination faced day to day by people with
             disabilities.

25

26   ///

27   ///

28   ///

45.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

>          (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
>                          ---
>
>                  (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

46.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///
///
///
///
///
///
///
///
///
///

47.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1      48.     The removal of the barriers complained of by plaintiff as hereinabove alleged were

2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of KHAN

3  TOKE THAI HOUSE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief,

4  if the removal of all the barriers complained of herein together was not "readily achievable," the

5  removal of each individual barrier complained of herein was "readily achievable." On

6  information and belief, defendants' failure to remove said barriers was likewise due to

7  discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

8  (b)(2)(A)(i)and (ii).

9      49.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

10  accomplishable and able to be carried out without much difficulty or expense." The statute

11  defines relative "expense" in part in relation to the total financial resources of the entities

12  involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

13  plaintiff complains of herein were and are "readily achievable" by the defendants under the

14  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

15  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

16  make the required services available through alternative methods which were readily achievable.

17      50.     On information and belief, construction work on, and modifications of, the subject

18  building(s) of KHAN TOKE THAI HOUSE occurred after the compliance date for the Americans

19  with Disabilities Act, January 26, 1992, independently triggering access requirements under Title

20  III of the ADA.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       51.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

2 *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

3 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

4 of disability in violation of this title or have reasonable grounds for believing that plaintiff is about

5 to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or

6 making use of the public facilities complained of herein so long as the premises and defendants'

7 policies bar full and equal use by persons with physical disabilities.

8       52.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

9 disability to engage in a futile gesture if such person has actual notice that a person or

10 organization covered by this title does not intend to comply with its provisions." Pursuant to this

11 section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

12 May 1, 2010, but on information and belief, alleges that defendants have continued to violate the

13 law and deny the rights of plaintiff and of other persons with physical disabilities to access this

14 public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

15 §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

16 facilities readily accessible to and usable by individuals with disabilities to the extent required by

17 this title."

18       53.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

19 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

20 the Americans with Disabilities Act of 1990, including but not limited to an order granting

21 injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

22 deemed to be the prevailing party.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

II. **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October 8, 1987, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

54.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 53 of this complaint.

55.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

56.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

57.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1        58.     Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2  whose rights have been infringed upon and violated by the defendants, and each of them, as

3  prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4  knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5  Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6  defendants' KHAN TOKE THAI HOUSE. As a legal result, plaintiff is entitled to seek damages

7  pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for

8  each day on which he visited or have been deterred from visiting the KHAN TOKE because of his

9  knowledge and belief that the subject Thai House is inaccessible to persons with disabilities.

10  California Civil Code §54.3(a) provides:

11             Any person or persons, firm or corporation, who denies or interferes
               with admittance to or enjoyment of the public facilities as specified
12             in Sections 54 and 54.1 or otherwise interferes with the rights of an
               individual with a disability under Sections 54, 54.1 and 54.2 is
13             liable for each offense for the actual damages and any amount as
               may be determined by a jury, or the court sitting without a jury, up
14             to a maximum of three times the amount of actual damages but in
               no case less than . . .one thousand dollars ($1,000) and . . .
15             attorney's fees as may be determined by the court in addition
               thereto, suffered by any person denied any of the rights provided in
16             Sections 54, 54.1 and 54.2.

17             Civil Code §54.3(a)

18        59.     On or about August 2, 2008, August 9, 2008, December 31, 2008, March 18, 2009,

19  April 28, 2010 and May 1, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54

20  and 54.1 in that plaintiff CRAIG YATES was denied access to signage, entrance, men's restroom,

21  women's restroom, dining area and other public facilities as stated herein at the KHAN TOKE

22  THAI HOUSE and on the basis that plaintiff CRAIG YATES was a person with physical

23  disabilities.

24        60.     As a result of the denial of equal access to defendants' facilities due to the acts and

25  omissions of defendants, and each of them, in owning, operating and maintaining these subject

26  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

27  rights under Civil Code §§54, 54.1 and 54.3.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

61.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

62.     Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about August 2, 2008, August 9, 2008, December 31, 2008, March 18, 2009, April 28, 2010 and May 1, 2010, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

63.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///

///

///

///

1 | **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
**FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

2 | (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual dba

3 | KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees
in Trust under THE RANGSAN and AREEWAN FASUDHANI,  JOINT LIVING

4 | TRUST, dated October 8, 1987, inclusive)
(Health & Safety Code §19955, *et seq.*)

5 |

6 | 64.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

7 | the allegations contained in paragraphs 1 through 63 of this complaint.

8 | 65.    Health & Safety Code §19955 provides in pertinent part:

9 | The purpose of this part is to insure that public accommodations or
facilities constructed in this state with private funds adhere to the
provisions of Chapter 7 (commencing with Sec. 4450) of Division 5

10 | of Title 1 of the Government Code.  For the purposes of this part
"public accommodation or facilities" means a building, structure,

11 | facility, complex, or improved area which is used by the general
public and shall include auditoriums, hospitals, theaters, restaurants,

12 | hotels, motels, stadiums, and convention centers.  When sanitary
facilities are made available for the public, clients or employees in

13 | such accommodations or facilities, they shall be made available for
the handicapped.

14 | 66.    Health & Safety Code §19956, which appears in the same chapter as §19955,

15 | provides in pertinent part, "accommodations constructed in this state shall conform to the

16 | provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

17 | Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

18 | public accommodations constructed or altered after that date.  On information and belief, portions

19 | of the KHAN TOKE THAI HOUSE and/or of the building(s) were constructed and/or altered after

20 | July 1, 1970, and substantial portions of the Thai House and/or the building(s) had alterations,

21 | structural repairs, and/or additions made to such public accommodations after July 1, 1970,

22 | thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5,

23 | §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions

24 | per Health & Safety Code §19959.

25 |

26 |

27 |

28 |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

67.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of KHAN TOKE THAI HOUSE and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

68.     Restaurants such as the KHAN TOKE THAI HOUSE  are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

69.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

70.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

1  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2      71.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of

3  them, to make the subject place of public accommodation readily accessible to and usable by

4  persons with disabilities.

5  **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
6  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET***
   ***SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
7  (On Behalf of Plaintiff CRAIG YATES, an individual and Against
   Defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual
8  dba KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI,
   Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI, JOINT
9  LIVING TRUST, dated October 8, 1987, inclusive)
   (Civil Code §51, 51.5)

10

11     72.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

12  the allegations contained in paragraphs 1 through 71 of this complaint.

13     73.     Defendants' actions and omissions and failure to act as a reasonable and prudent

14  public accommodation in identifying, removing and/or creating architectural barriers, policies,

15  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

    Unruh Act provides:
16
17          This section shall be known, and may be cited, as the Unruh
            Civil Rights Act.

18          All persons within the jurisdiction of this state are free and
            equal, and no matter what their sex, race, color, religion, ancestry,
19          national origin, or **disability** are entitled to the full and equal
            accommodations, advantages, facilities, privileges, or services in all
20          business establishments of every kind whatsoever.

21          This section shall not be construed to confer any right or
            privilege on a person that is conditioned or limited by law or that is
22          applicable alike to persons of every sex, color, race, religion,
            ancestry, national origin, or **disability.**
23
            Nothing in this section shall be construed to require any
24          construction, alteration, repair, structural or otherwise, or
            modification of any sort whatsoever, beyond that construction,
25          alteration, repair, or modification that is otherwise required by other
            provisions of law, to any new or existing establishment, facility,
26          building, improvement, or any other structure . . . nor shall anything
            in this section be construed to augment, restrict, or alter in any way
27          the authority of the State Architect to require construction,
            alteration, repair, or modifications that the State Architect otherwise
28          possesses pursuant to other . . . laws.

1

A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336) shall
2     also constitute a violation of this section.

3  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

4  "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

5  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

6  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

7  defendants, and each of them.

8     74.    The acts and omissions of defendants stated herein are discriminatory in nature and

9  in violation of Civil Code §51.5:

10

No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
11     or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of
12     the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
13     suppliers, or customers.

14

As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
15     limited liability company, or company.

16

Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
17     modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
18     provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
19     in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,
20     alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.

21

22     75.    Defendants' acts and omissions as specified have denied to the plaintiff full and

23  equal accommodations, advantages, facilities, privileges and services in a business establishment,

24  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

25  Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

26  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

27  Law 101-336) shall also constitute a violation of this section."

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the
2  Americans with Disabilities Act at §42, *et seq*., as if repled herein.

3       76.    As a result of the denial of equal access to defendants' facilities due to the acts and
4  omissions of defendants, and each of them, in owning, operating and maintaining these subject
5  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
6  rights under Civil Code §§54, 54.1 and 54.3.

7       77.    Further, plaintiff CRAIG YATES suffered mental distress, mental
8  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
9  disappointment and worry, all of which are expectedly and naturally associated with a denial of
10  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
11  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
12  basis that plaintiff is a person or an entity that represents persons with physical disabilities and
13  unable, because of the architectural barriers created and maintained by the defendants in violation
14  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
15  other persons.

16       78.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)
17  of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to
18  mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is
19  allowed by statute, according to proof if deemed to be the prevailing party.

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   **PRAYER:**

2        Plaintiff prays that this court award damages and provide relief as follows:

3   **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
           PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4   **       DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**
           (On Behalf of Plaintiff CRAIG YATES, an individual and Against
5          Defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual
           dba KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI,
6          Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI, JOINT
           LIVING TRUST, dated October 8, 1987 , inclusive)
7          (42 U.S.C. §12101, et seq.)

8        1.      For injunctive relief, compelling defendants RANGSAN FASUDHANI and

9   AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI HOUSE; and

10  RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE RANGSAN and

11  AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October 8, 1987, inclusive, to make

12  the KHAN TOKE THAI HOUSE, located at 5937 Geary Boulevard, San Francisco, California,

13  readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, et seq., and

14  to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to

15  afford full access to the goods, services, facilities, privileges, advantages and accommodations

16  being offered.

17       2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

18  prevailing party; and

19       3.      For such other and further relief as the court may deem proper.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEO.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI HOUSE: and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October 8, 1987, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.   For injunctive relief, compelling defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October 8, 1987, inclusive, to make the KHAN TOKE THAI HOUSE, located at 5937 Geary Boulevard, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.   Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

3.   Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.   Treble damages pursuant to Civil Code §54.3;

5.   General damages according to proof;

6.   For all costs of suit;

7.   Prejudgment interest pursuant to Civil Code §3291; and

8.   Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III.  PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October 8, 1987, inclusive)
(Health & Safety code §19955, *et seq.*)

1.      For injunctive relief, compelling defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October 8, 1987, inclusive, to make the KHAN TOKE THAI HOUSE, located at 5937 Geary Boulevard, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

**IV.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EOUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants RANGSAN FASUDHANI and AREEWAN FASUDHANI, each an individual dba KHAN TOKE THAI HOUSE; and RANGSAN and AREEWAN FASUDHANI, Trustees in Trust under THE RANGSAN and AREEWAN FASUDHANI, JOINT LIVING TRUST, dated October 8, 1987, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.      General damages according to proof;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29

1      4.     Treble damages pursuant to Civil Code §52(a);

2      5.     For all costs of suit;

3      6.     Prejudgment interest pursuant to Civil Code §3291; and

4      7.     Such other and further relief as the court may deem just and proper.

5

6 Dated: _____7/29/10____, 2010     THOMAS E. FRANKOVICH,
                                *A PROFESSIONAL LAW CORPORATION*

7

8

9                   By:

                          THOMAS E. FRANKOVICH
10                          Attorneys for Plaintiff CRAIG YATES, an individual

11

12                        **DEMAND FOR JURY TRIAL**

13       Plaintiff hereby demands a jury for all claims for which a jury is permitted.

14

15 Dated: _____7/29/10____, 2010     THOMAS E. FRANKOVICH,
16                                   *A PROFESSIONAL LAW CORPORATION*

17

18                   By:

19                          THOMAS E. FRANKOVICH
                         Attorneys for Plaintiff CRAIG YATES, an individual

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES